## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE GRANITE COMPANIES, LLC,　　　　:
　　　Plaintiffs,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:　　CIVIL ACTION NO. 07-3078
　　　v.　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
CITY CAPITAL CORPORATION,　　　　　:
EPHREN W. TAYLOR, JR.　　　　　　　:
　　　Defendants.　　　　　　　　　　:

### MEMORANDUM

**Tucker, J.**　　　　　　　　　　　　　　　　　　　　　　　　**August 7, 2007**

Presently before the Court is Defendants' Motion to Dismiss (Doc. 6) and Plaintiff's Response (Doc. 7). For the reasons set forth below, upon consideration of the Motion and response thereto, this Court will deny Defendants' Motion in part and grant it in part.

### I. BACKGROUND

Plaintiff, the Granite Companies, LLC (hereinafter "Granite"), bring this action against City Capital Corporation (hereinafter "City Capital") and Ephren W. Taylor, Jr. alleging breach of contract and fraud. Granite charges that the parties to this action entered into a purchase agreement under which Defendants would acquire ownership in Plaintiff's various subsidiaries. It is alleged that Defendants breached the purchase agreement in the amount of $1,238,719.90. Plaintiff further alleges that Defendants misrepresented material facts pertaining to their intention and ability to consummate the transactions contemplated by the purchase agreement.

Defendants now request that the Court find that Plaintiff has failed to state a claim upon which relief can be granted and dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

On a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000). While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340).

Defendants raise a choice of law issue with respect to both counts of Plaintiff's complaint. The purchase agreement contains a choice of law provision requiring "all matters arising out of or relating" to the agreement be governed by Tennessee law. Choice of law provisions are upheld in Pennsylvania provided the transaction reasonably relate to the chosen forum. Churchill Corp. v. Third Century, Inc., 578 A.2d 532, 537 (Pa. Super 1990). City

Capital's status as a Tennessee corporation creates a reasonable relation however both parties agree that under the first count, the analysis would be the same regardless of whether reviewed under Pennsylvania or Tennessee law. As for the second count for fraud, both parties agree that Pennsylvania law applies. Despite the forum clause, the relevant facts at the basis of the claim involve the Commonwealth of Pennsylvania. This includes the jurisdiction in which Granite was formed, carried out its business, the location for almost all of the contacts between the parties as well as the site of the transaction in dispute. Given the use of Pennsylvania law to advance the parties respective positions in their briefs, the Court will apply the same analysis to the fraud claim.

## DISCUSSION

### A. Breach of Contract

Under both Pennsylvania and Tennessee law, Plaintiff must satisfy three elements in a breach of contract claim: (1) existence of a contract; (2) breach of a duty imposed by the contract; and (3) damages arising from such breach. Sampathachar v. Fed. Kemper Life Assurance Co., 186 Fed. Appx. 227 (3d Cir. 2006); Ingram v. Cendant Mobility Fin. Corp., 215 S.W.2d 367 (Tenn. Ct. App. 2006).

Defendant argues that the complaint fails because no valid contract exists. Referring to the purchase agreement, Defendants state that City Capital had a different understanding as to Granite's assets and liabilities from Plaintiff. They argue that the divergent views suggests that there was no meeting of the minds on the essential term. Without a meeting of the minds as to the essential term, according to Defendants, there is no valid contract. Higgins v. Oil, Chemical & Atomic Workers Int'l Union Local #3-677, 811 S.W.2d 875, 879 (Tenn. 1991). Given the

-3-

presence of the written agreement and the passage of time between contract formation and the dispute over Granite's assets and liabilities, the Court is not convinced by Defendants arguments. The Court agrees with Plaintiff's counter argument that any legitimate breach of contract could, ex post, be related to divergent views between the parties at the time of contract execution. Accordingly, the Court concludes that a valid contract existed between the parties.

As it pertains to actual breach and resulting damages, taking the complaint in the light most favorable to the non-moving party the Court is satisfied that Plaintiffs state a claim upon which relief may be granted. Despite the duties Defendants claim it performed under the contract, there are remaining issues under the contract that Plaintiffs sufficiently set forth to outline the elements of the claim. Kost, 1 F.3d at 183 (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340) ("The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'"). Thus, the Court finds that Plaintiff has satisfied the elements for a breach of contract claim and Defendants' Motion is denied as to count one.

**B. Fraud**

Defendants next argue that Plaintiff's claim for fraud must fail pursuant to the gist of the action doctrine, the economic loss doctrine and the parol evidence rule. Both parties rely upon the opinion in School Lane House Philadelphia, LLC et al. v. RAIT Partnership, L.P. et al. No. 04-3821, 2005 U.S. Dist. LEXIS 21563 (E.D. Pa. 2005). School Lane involved a suit initiated by a group of commercial real estate investors related to the acquisition of a residential apartment building. Id. at *2. Like the present matter, Defendants requested dismissal of the fraud claim because of its origin in a contract action. The Court determined in School Lane that

Plaintiff sufficiently alleged that Defendants fraudulently omitted material facts from the disputed agreement and denied the motion to dismiss as it pertained to the fraud claim. <u>Id</u>. at *17.

### 1. Gist of the Action Doctrine

Under the "gist of the action" doctrine, claims for allegedly tortious conduct are barred when the alleged conduct stems from a contract. <u>Id</u>. at *12-13. However, if the tortious conduct is collateral to the contract, the doctrine does not apply. The gist of the action doctrine does not preclude Plaintiff's fraud claim. Under Pennsylvania law, fraud in the inducement of a contract is collateral to the contract's terms. <u>Id</u>. at *13 (citing <u>Etoll, Inc. v. Elias/Savion Adver.</u>, 811 A.2d 10, 17 (Pa. Super 2002)). To survive a motion to dismiss, Plaintiff must simply demonstrate that the allegations will entitle him or her to relief, not that the claim will prevail. <u>Scheuer</u>, 416 U.S. at 236. Here, Plaintiff claims that if Defendant Taylor "accurately stated his and City Capital's true intentions" it would have not entered into the contract. Such representations are sufficient to sustain an independent claim for fraud. Accordingly, the gist of the action doctrine should not apply.

### 2. Economic Loss Doctrine

Likewise, the economic loss doctrine does not bar Plaintiff's fraud claim. The economic loss doctrine prohibits recovery of loss in tort by a Plaintiff whose injury stems from a contract. <u>School Lane</u>, 2005 U.S. Dist. LEXIS 21563 at *14 (citing <u>Duquesne Light Co. v. Westinghouse Electric Corp.</u>, 66 F.3d 604, 618 (E.D. Pa. 1997)). While the doctrine bars recovery for damages contemplated at contract formation, the Court finds that Plaintiff's fraud claim derives from representations it alleges Defendants made before entering the agreement. Thus, the economic

loss doctrine does not support Defendants' motion.

### 3. Parol Evidence Rule

Finally, the parol evidence rule does not preclude Plaintiff's fraud claim.  Under

Pennsylvania law, parol evidence is inappropriate to assert a claim of fraud in the inducement.

Id. at *15 (citing Coram Healthcare Corp. v. Aetna U.S. Healthcare, Inc., 94 F.Supp.2d 589

(E.D. Pa. 1999)).  There is an exception, however, if the representations supported by parol

evidence were fraudulently omitted from the agreement.  Id. at *16 (citing Dayhoff, Inc. v. H.J.

Heinz Co., 86 F.3d 1287, 1300 (3d Cir. 1996)).  Here, Plaintiff's allegations stem from

misrepresentations not set forth in the contract and thus, not fully integrated.  Viewing the

complaint in the light most favorable to the non-moving party, the Court concludes that Plaintiff

sufficiently alleges that Defendants fraudulently omitted material facts from the purchase

agreement.  Accordingly, Defendants motion is denied as it pertains to count two.

### C. Claims against Mr. Taylor

The claims against Mr. Taylor are dismissed.  Based on Plaintiff's complaint, the

allegations related to Mr. Taylor arose in his capacity as the corporate representative of City

Capital.  Separate claims against an "individual where the contract between the plaintiff and

officer's company created the duties that the individual allegedly breached" are prohibited.

Freedom Med. Inc. v. Royal Bank of Canada, No. 04-5626, 2005 U.S. Dist. LEXIS 37836, at

*24 n.7 (quoting Williams v. Hilton Group, PLC, 93 Fed. Appx. 384, 387 (3d Cir. 2004)).  In the

absence of allegations that Taylor acted in his individual capacity, the Court finds that there can

be no independent claim for fraud against him.

For the aforementioned reasons, Defendants' Motion to Dismiss is denied in part and

granted in part as it pertains to the claims against Mr. Taylor.  An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE GRANITE COMPANIES, LLC,   :
  Plaintiffs,        :
              :
              :  **CIVIL ACTION NO. 07-3078**
   v.           :
              :
CITY CAPITAL CORPORATION,   :
EPHREN W. TAYLOR, JR.     :
  Defendants.        :

## ORDER

   **AND NOW**, this ___ day of August, 2008, upon consideration of Defendants' Motion to

Dismiss (Doc. 6) and Plaintiff's Response (Doc. 7), **IT IS HEREBY ORDERED AND DECREED**

that Defendant's Motion is **GRANTED IN PART and DENIED IN PART**.

   **IT IS FURTHER ORDERED** that the claims against Defendant Ephren W. Taylor, Jr. are

**DISMISSED.**

          **BY THE COURT:**

          _____
          **Hon. Petrese B. Tucker, U.S.D.J.**